1

**JML LAW**
A PROFESSIONAL LAW CORPORATION
21052 OXNARD STREET
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
ERIC J. PALMER, STATE BAR NO. 231207
CHRISTINA R. MANALO, STATE BAR NO. 297718

Attorneys for Plaintiff
DAVID HOEY

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

SEP 0 8 2017

Sherri R. Carter, Executive Officer/Clerk
By: Marlon Gomez, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| DAVID HOEY, an individual,<br><br>Plaintiff<br><br>vs.<br><br>HEARTLAND PAYMENT SYSTEMS, LLC., a Delaware limited liability corporation; HEARTLAND PAYMENT SYSTEMS, INC., a Delaware corporation; HEARTLAND PAYMENT SOLUTIONS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants | Case No.: **BC675406**<br><br>**COMPLAINT FOR:**<br>1. **DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940, *ET SEQ.* [FEHA];**<br>2. **FAILURE TO ACCOMMODATE IN IN VIOLATION OF GOVERNMENT CODE § 12940, *ET SEQ.* [FEHA];**<br>3. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA;**<br>4. **RETALIATION IN VIOLATION OF FEHA;**<br>5. **WRONGFUL TERMINATION IN VIOLATION OF GOVERNMENT CODE § 12940, *ET SEQ.* [FEHA];**<br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>7. **UNLAWFUL RETALIATION IN VIOLATION OF LABOR CODE § 1102.5**<br><br>**DEMAND FOR JURY TRIAL** |

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1
COMPLAINT

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

Plaintiff, DAVID HOEY, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

### PRELIMINARY ALLEGATIONS

1. At all times material herein, Plaintiff, DAVID HOEY (hereinafter referred to as "Plaintiff"), was at all times relevant a resident of the State of California, County of Los Angeles.

2. Plaintiff is informed, believes, and based thereon alleges that Defendant, HEARTLAND PAYMENT SYSTEMS, INC., is and was a duly licensed and registered Delaware corporation which operated its business in the State of California, and within Los Angeles County, where it employed Plaintiff and at least five (5) other full time employees at Plaintiff's worksite at all times relevant.

3. Plaintiff is informed, believes, and based thereon alleges that Defendants, HEARTLAND PAYMENT SYSTEMS, INC. and HEARTLAND PAYMENT SOLUTIONS, INC. were and are the parent and/or subsidiary corporate entities of Defendant HEARLAND PAYMENT SYSTEMS, INC., were all controlled by the same officers, directors, and shareholders, and exercised sufficient discretion and control over the Plaintiff's job position, salary, working schedule, and working conditions, such that they were Plaintiff's joint employers as defined under California law.

4. At all times mentioned herein, Plaintiff was employed by the named corporate Defendants (hereinafter referred collectively to as "Defendants HEARTLAND").

5. DOES 1 through 50, and each of them, were and are the shareholders, and/or directors, and/or officers, and/or agents, and/or alter egos of Defendants HEARTLAND, and in doing the things herein described, were acting within the scope of their authority as such shareholders, and/or directors, and/or officers, and/or agents, and/or alter egos of Defendants HEARTLAND.

6. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said fictitious names. Plaintiff is informed and believes that each of the Defendants named as a DOE Defendant is legally responsible in some manner for the events referred to in this complaint,

2

1    either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or

2    otherwise, for the injuries and damages described below to this Plaintiff.  Plaintiff will in the

3    future seek leave of this court to show the true names and capacities of these DOE Defendants

4    when it has been ascertained.

5        7.  Plaintiff is informed and believes, and based thereon alleges, that each of the

6    fictitiously named Defendants is responsible in some manner for, and proximately caused, the

7    harm and damages alleged herein below.

8        8.  Plaintiff is informed and believes, and based thereon alleges, that each of the

9    Defendants named herein acted as the employee, agent, spouse, partner, alter-ego and/or joint

10   venturer of each of the other Defendants named herein and, in doing the acts and in carrying out

11   the wrongful conduct alleged herein, each of said Defendants acted within the scope of said

12   relationship and with the permission, consent and ratification of each of the other Defendants

13   named herein.

14       9.  Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or

15   Defendants shall refer to all Defendants, and each of them.

16                          **FACTUAL ALLEGATIONS**

17       10.  On or about December 9, 2015, Defendants offered, and Plaintiff accepted, a position

18   within Defendants company to work as a Payroll Division Manager.  Plaintiff was to work from

19   his home office in Los Angeles, California, beginning on December 28, 2015.

20       11.  At all times relevant, Plaintiff was diagnosed with and suffered from a severe "Protein

21   S" deficiency, which is a chronic, hereditary, hematological condition which affects the viscosity

22   of the blood that keeps blood flowing without clotting.  Those with "Protein S" deficiency of the

23   blood run a high risk of experiencing potentially fatal blood clots without the use of blood

24   thinning medications.  The Plaintiff also was diagnosed and suffered, at all times relevant, with

25   the Human Immunodeficiency Virus ("HIV").  Plaintiff's severe "Protein S" Deficiency, and

26   HIV limited his ability to work, sleep, exercise, and enjoy life activities and is recognized as a

27   protected physical disability under California's Fair Employment and Housing Act (the

28   "FEHA"). Cal. Government Code sections 12926, 12926.1, *et seq.*

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

3

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1    12. On or about December 15, 2015, Plaintiff traveled to Las Vegas, Nevada to attend

2  Defendants' management kick-off event.  While attending the event, Plaintiff experienced a heart

3  attack brought on by health complications caused by his Protein S deficiency and HIV.  Plaintiff

4  was briefly hospitalized on December 18, 2015 and then discharged on December 21, 2015.

5    13. Following Plaintiff's hospital discharge, Plaintiff's supervisor, David O'Day, and

6  Defendants' Human Resources Director, Christopher Hill, demanded that Plaintiff provide a

7  release to return to work.  Plaintiff complied and provided a medical release stating that he could

8  work without restriction.  During a telephone conference call on or about December 28, 2015,

9  O'Day and Hill told Plaintiff that his medical release was inadequate and he needed to provide

10  Defendants with a file containing his full medical history in order to secure his job.  O'Day and

11  Hill further demanded Plaintiff submit to a drug test prior to commencing work.  Plaintiff refused

12  to provide his medical history to Defendants and submit to a drug test.  Plaintiff refused on the

13  grounds that Defendants' demand was an invasion of his medical privacy and discriminatory

14  against someone who suffered a heart attack, and was therefore an illegal and/or unlawful.

15    14. On or about January 9, 2016, Defendants HEARLTAND terminated Plaintiff's

16  employment by rescinding their offer of employment.  Plaintiff alleges on information and belief

17  that his actual and/or perceived physical disability and its manifestation in the form of a heart

18  attack at an employer sponsored event was the reason for his termination of employment.  Thus,

19  Plaintiff alleges his termination of employment by Defendants HEARTLAND was unlawful and

20  in violation of fundamental public policies protecting California workers as set forth under the

21  FEHA.

22    15. As a result of Defendants' HEARTLAND conduct described herein, including but not

23  limited to Plaintiff's termination of employment, Plaintiff's has suffered from emotional distress

24  and mental anguish in the form of stress, anxiety, depression, embarrassment, humiliation, loss

25  of self esteem, and loss of self-confidence.

26    16. Defendants HEARTLAND could have provided reasonable accommodation to

27  Plaintiff, including but not limited to honoring his medical release to return to work as imposed

28

1    by his treating doctor, without suffering undue hardship, but chose to retaliate against him for

2    being disabled and requiring medical treatment.

3        17. Plaintiff could have fully performed all essential duties and functions of his job, and

4    other jobs that Defendants had available, in an adequate, satisfactory and/or outstanding manner,

5    had he been provided with reasonable accommodation and allowed to work instead of being

6    terminated.

7        18. Defendants' retaliatory animus for Plaintiff's engagement in protected activity and

8    Defendants' discriminatory animus due to Plaintiff's disability and requests for reasonable

9    accommodation in the workplace were substantial motivating factors in Defendants'

10   aforementioned acts, including but not limited to, their decision to rescind their job offer.

11       19. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual,

12   consequential, and incidental financial losses, including without limitation, loss of salary and

13   benefits, and the intangible loss of employment related opportunities in his field and damage to

14   his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims

15   such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other

16   provision of law providing for prejudgment interest.

17       20. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

18   continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

19   as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereon

20   alleges, that he will continue to experience said physical and emotional suffering for a period in

21   the future not presently ascertainable, all in an amount subject to proof at the time of trial.

22       21. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

23   hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to

24   incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

25   fees and costs under California Government Code § 12965(b).

26       22.  Plaintiff exhausted his administrative remedies by filing a complaint with the

27   Department of Fair Housing and Employment ("DFEH") against the named Defendants on

28

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

November 22, 2016.  The DFEH issued Plaintiff an immediate right-to-sue letter on November 22, 2016.

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

## FIRST CAUSE OF ACTION

### DISCRIMINATION BASED UPON PHYSICAL DISABILITY

### IN VIOLATION OF GOVERNMENT CODE §§ 12940 *ET SEQ.* (FEHA)

### (Against All Heartland Defendants and All DOE Defendants)

23.  Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

24. At all times herein mentioned, California Government Code § 12940, *et seq.* were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.  Under the FEHA, it is an unlawful employment practice for an employer because of the physical disability of a person to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

25. Additionally, Government Code § 12926(k)(5) and § 12940(m) protect individuals in the workplace who are perceived to have a disability or are regarded or treated by the employer as having a health impairment that has no present disabling effect but may become a physical disability as described in § 12926(k)(1) and § 12926(k)(2). At all times relevant, Defendants HEARTLAND perceived Plaintiff as physically disabled due to his heart attack at an employer sponsored event and hospitalization thereafter.

26.  As set forth in this complaint, Plaintiff is informed and believes that Defendants discriminated against him by refusing to provide him with reasonable accommodations and/or denying him available employment opportunities based upon his actual and/or perceived physical disability.  Defendants exhibited a pattern of discriminatory and retaliatory conduct towards Plaintiff due to his actual and/or perceived physical disability and his need for reasonable accommodation in the workplace.

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

27.  As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

28. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

29. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

30.  Plaintiff is informed and believes and based thereon alleges that Defendants had a pattern and practice of terminating disabled employees and/or employees who requested reasonable accommodation in the workplace due to their physical disability. Defendants HEARTLAND, including managing agents of Defendants, were aware that their company was unlawfully discriminating against employees on the basis of their disabilities, yet refused to take appropriate measures to curtail and/or remediate said discrimination. Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

31. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage her, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA

#### (Against Defendants Heartland and All DOE Defendants)

32.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

33.    At all times herein mentioned, California Government Code §§ 12940, *et seq.* were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

34.    Plaintiff's physical disability limited his ability to engage in the major life activities of working, exercising, sleeping, and enjoying recreational activities.

35.    Although Defendants knew of Plaintiff's disability, or at the very least perceived him to be Defendants failed to provide reasonable accommodation for Plaintiff's disability in direct violation of California Government Code § 12940.  Defendants knew that Plaintiff required accommodations in the form being allowed to work following his release from hospitalization. Defendants could have accommodated Plaintiff without suffering undue hardship, but chose to rescind the offer of a job position which would have accommodated him and for which he was qualified. Instead, Defendants chose to terminate Plaintiff's employment after he refused to participate in unlawful conduct with respect to his medical privacy.

36.    Plaintiff alleges that he could have fully performed all essential duties and functions of his job or other jobs that Defendant had available, in an adequate, satisfactory and/or outstanding manner, particularly if he was provided with reasonable accommodation.

37.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1  has suffered actual, consequential and incidental financial losses, including without limitation,

2  loss of salary and benefits, and the intangible loss of employment related opportunities in his

3  field and damage to his professional reputation, all in an amount subject to proof at the time of

4  trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

5  and/or any other provision of law providing for prejudgment interest.

6       38.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

7  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

8  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

9  believes and thereupon alleges that he will continue to experience said physical and emotional

10  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

11  at the time of trial.

12       39.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

13  has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected

14  to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

15  recover attorneys' fees and costs under California Government Code § 12965(b).

16       40.   Defendants had in place policies and procedures that specifically prohibited and

17  required Defendants' managers, officers, and agents to prevent disability discrimination,

18  retaliation, and harassment based on disability against and upon employees of Defendants.

19  Managers, officers, and/or agents of Defendants were aware of Defendants' policies and

20  procedures requiring Defendants' managers, officers, and agents to prevent, and investigate,

21  disability discrimination, retaliation, and harassment based on disability against and upon

22  employees of Defendants.  However, Defendants  chose to consciously and willfully ignore said

23  policies and procedures and therefore, Defendants' outrageous conduct was fraudulent,

24  malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

25  and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in,

26  authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff

27  should, therefore, be awarded exemplary and punitive damages against each Defendant in an

28

1   amount to be established that is appropriate to punish each Defendant and deter others from

2   engaging in such conduct.

3       41.   Plaintiff is informed and believes, and based thereon alleges that Defendants and their

4   managers, officers, and managing agents had a pattern and practice of wrongfully terminating

5   employees who were disabled so that Defendants did not have to accommodate them. Plaintiff

6   should, therefore, be awarded exemplary and punitive damages against each Defendant in an

7   amount to be established that is appropriate to punish each Defendant and deter others from

8   engaging in such conduct.

9

10              **THIRD CAUSE OF ACTION**

11          **FAILURE TO PREVENT DISCRIMINATION**

12              **IN VIOLATION OF THE FEHA**

13      **(Against Defendants Heartland and All DOE Defendants)**

14      42. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

15   forth herein.

16      43. At all times mentioned herein, California Government Code § 12940, *et seq*., including

17   but not limited to Sections 12940(j) and (k), were in full force and effect and were binding upon

18   Defendants and each of them.  These sections impose on an employer a duty to take immediate

19   and appropriate corrective action to end discrimination and take all reasonable steps necessary to

20   prevent discrimination from occurring, among other things.

21      44. Defendants violated Government Code § 12940 (j) and (k) by failing to adequately

22   supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as

23   described herein.

24      45. Defendants failed to fulfill their statutory duty to timely take immediate and

25   appropriate corrective action to end the discrimination also failed to take all reasonable steps

26   necessary to prevent the discrimination from occurring.

27      46. In failing and/or refusing to take immediate and appropriate corrective action to end

28   the discrimination, and in failing and/or refusing to take and or all reasonable steps necessary to

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

10

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1   prevent discrimination from occurring, Defendants, and each of them, violated California

2   Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

3       47. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

4   has suffered actual, consequential and incidental financial losses, including without limitation,

5   loss of salary and benefits, and the intangible loss of employment related opportunities in his

6   field and damage to his professional reputation, all in an amount subject to proof at the time of

7   trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

8   and/or any other provision of law providing for prejudgment interest.

9       48. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

10  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

11  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

12  believes and thereupon alleges that she will continue to experience said physical and emotional

13  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

14  at the time of trial.

15      49. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

16  has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

17  to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

18  recover attorneys' fees and costs under California Government Code § 12965(b).

19      50. Plaintiff is informed and believes and based thereon alleges that Defendants had a

20  pattern and practice of terminating disabled employees and/or employees who requested

21  reasonable accommodation in the workplace due to their disability. Defendants, including

22  managing agents of Defendants, were aware that their company was unlawfully discriminating

23  against employees on the basis of their actual and/or perceived disabilities, yet refused to take

24  appropriate measures to curtail and/or remediate said discrimination. Defendants' outrageous

25  conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

26  of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Plaintiff should,

27  therefore, be awarded exemplary and punitive damages against each Defendant in an amount to

28

1   be established that is appropriate to punish each Defendant and deter others from engaging in

2   such conduct.

3       51. Because the acts taken toward Plaintiff were carried out by managerial employees

4   acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of

5   Plaintiff's rights and in order to injure and damage him, Plaintiff requests that punitive damages

6   be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum

7   of this court.

8

9                          **FOURTH CAUSE OF ACTION**

10                   **RETALIATION IN VIOLATION OF FEHA**

11           **(Against Defendants Heartland and All DOE Defendants)**

12      52. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

13   forth herein.

14      53. At all times herein mentioned, California Government Code § 12940, *et seq.* was in

15   full force and effect and was binding on Defendants, as Defendants regularly employed five (5)

16   or more persons.  California Government Code § 12940(h) makes it unlawful for any person to

17   retaliate against an employee who has engaged in protected activity under the FEHA, including

18   requesting accommodations which do not cause undue hardship to the employer.

19      54. Plaintiff engaged in protected activity by requesting reasonable accommodation for his

20   actual and/or perceived physical disability in the form of being allowed to work following his

21   release from hospitalization due to a heart attack brought on by his HIV.

22      55. In retaliation for Plaintiff's aforementioned protected activity, Defendants failed and/or

23   refused to accommodate Plaintiff, denied him employment opportunities including rescinding

24   their job offer and terminating his employment, and caused damage to his professional reputation

25   thereon.

26      56. Defendants' conduct, as alleged above, constituted unlawful retaliation in violation of

27   California Government Code § 12940(h).

28

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

57. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

58. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

59. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

60. Plaintiff is informed and believes and based thereon alleges that Defendants had a pattern and practice of terminating disabled employees and/or employees who requested reasonable accommodation in the workplace due to their disability. Defendants, including managing agents of Defendants, were aware that their company was unlawfully discriminating against employees on the basis of their disabilities, yet refused to take appropriate measures to curtail and/or remediate said discrimination. Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

61. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of

1  Plaintiff's rights and in order to injure and damage him, Plaintiff requests that punitive damages

2  be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum

3  of this court.

4

5                          **FIFTH CAUSE OF ACTION**

6                  **WRONGFUL TERMINATION IN VIOLATION OF**

7                  **GOVERNMENT CODE § 12940, *ET SEQ*. [FEHA]**

8                  **(Against Defendants Heartland and All DOE Defendants)**

9        62. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

10  forth herein.

11       63. This cause of action is based upon the fundamental public policies of the State of

12  California, including but not limited to the protection of employees from unlawful employment

13  practices described in California Government Code § 12940, *et seq*. and in Title 2, California

14  Code of Regulations § 11060, *et seq*.

15       64. At all times relevant, Plaintiff suffered from an actual and/or perceived disability

16  which significantly limited his ability to work, sleep, exercise, and enjoy social and recreational

17  activities.  Based on the foregoing, Plaintiff held a protected status under the FEHA due to his

18  actual and/or perceived physical and need for accommodation in the form of being allowed to

19  work following his release from hospitalization due to a heart attack brought on by his HIV

20  condition.

21       65. Government Code § 12940, its controlling sub-sections, and its enforcement provisions

22  under the Code of Regulations, prohibit discrimination and other adverse treatment against

23  employees due to their actual and/or perceived physical disability.  Plaintiff alleges on

24  information and belief that his termination by Defendants HEARTLAND on or about January 6,

25  2016, was substantially motivated by his actual and/or perceived physical disability, and by his

26  request for reasonable accommodation in the workplace.  By terminating the Plaintiff and

27  allowing non-disabled employees to continue working, Defendants HEARTLAND violated

28

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1    fundamental public policies set forth under the FEHA, and thus gave rise to an action for

2    wrongful discharge of employment.

3        66.  As a proximate result of the aforesaid acts of Defendants, and each of them,

4    Plaintiff has suffered actual, consequential and incidental financial losses, including without

5    limitation, loss of salary and benefits, and the intangible loss of employment related

6    opportunities in his field and damage to her professional reputation, all in an amount subject to

7    proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code §

8    3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

9        67.  Defendants had in place policies and procedures that specifically prohibited and

10   required Defendants managers, officers, and agents to prevent discrimination on the basis of

11   actual and/or perceived physical disability in accordance with the FEHA against and upon

12   employees of Defendants.  Furthermore, Defendants had in place policies and procedures to

13   prevent discrimination against older workers.  Defendants' managers, officers, and/or agents of

14   Defendants were aware of Defendants' policies and procedures requiring Defendants' managers,

15   officers, and agents to prevent retaliation against and upon employees of Defendants for

16   engaging in protected activity and/or having protected status under the FEHA.  Furthermore,

17   Defendants maintained broad discretionary powers regarding staffing, managing, hiring, firing,

18   contracting, supervising, assessing and establishing of corporate policy and practice in the

19   Defendants' facilities.  However, Defendants' managers, officers, and agents chose to consciously

20   and willfully ignore said policies and procedures and therefore, their outrageous conduct was

21   fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff

22   and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted,

23   participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

24   above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each

25   Defendant in an amount to be established that is appropriate to punish each Defendant and deter

26   others from engaging in such conduct.

27       68.  Because the acts taken toward Plaintiff were carried out by managerial employees

28

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1   acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of

2   Plaintiff's rights and in order to injure and damage her, Plaintiff requests that punitive damages

3   be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum

4   of this court.

5

6                              **SIXTH CAUSE OF ACTION**

7                              **WRONGFUL TERMINATION**

8                              **IN VIOLATION OF PUBLIC POLICY**

9                    **(Against Defendants Heartland and All DOE Defendants)**

10      69.  Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

11   forth herein.

12      70.  At all times mentioned, the public policy of the State of California, as codified,

13   expressed and mandated in Government Code § 12940, *et seq.*, is to prohibit employers from

14   discriminating and retaliating against any individual on the basis of, but not limited to, physical

15   disability, as identified in Government Code § 12940(a)-(o).  This public policy of the State of

16   California is designed to protect all employees and to promote the welfare and well-being of the

17   community at large.  Accordingly, the actions of Defendants, and each of them, in terminating

18   Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the

19   express public policy of the State of California, to wit, the policy set forth in Government Code §

20   12940 and Title 2, California Code of Regulations § 11060, *et seq.*, and the laws and regulations

21   promulgated thereunder.

22      76.  At all times herein mentioned, Government Code § 12940, *et seq.* was in full force and

23   effect and were binding on Defendants, and each of them, as Defendants regularly employed five

24   (5) or more persons.  Under the FEHA, Government Code § 12940, *et seq.*, it is an unlawful

25   employment practice for an employer, because of the physical disability of a person, to discharge

26   the person from employment, or to discriminate against the person in compensation or in terms,

27   conditions, or privileges of employment.

28

**JML LAW**
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

77.    At all times herein mentioned, Article I, Section 1 of the California Constitution was in full force and effect and was binding on Defendants and each of them, as Defendants employed the Plaintiff within the State of California. Under Article I, Section 1, all people are by nature free and independent and have inalienable rights.  Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

78.    At all times herein mentioned, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") was in full force and effect and was binding on Defendants and each of them, as Defendants are corporate entities formed within the jurisdiction of the United States of America and employed the Plaintiff therein. HIPPA provides, pursuant to 45 Code of Federal Regulations § 160.300, *et seq.*, that individuals shall not be intimidated or retaliated against for opposing what they reasonably believe to be the unlawful disclosure of protected health information.

79.    Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in Government Code § 12940, *et seq.* and Title 2, California Code of Regulations § 11060, *et seq.*, California Constitution Article I, § 1, the laws and regulations promulgated thereunder, and the laws of the United States of America, to wit, 45 Code of Federal Regulations § 160.300, *et seq.  Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167.

80.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

81.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

1    embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

2    believes and thereupon alleges that he will continue to experience said physical and emotional

3    suffering for a period in the future not presently ascertainable, all in an amount subject to proof

4    at the time of trial.

5        82. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has

6    been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to

7    continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover

8    attorneys' fees and costs under California Government Code § 12965(b).

9        83.  Defendants had in place policies and procedures that specifically prohibited and required

10   Defendants' managers, officers, and agents to prevent disability discrimination, and retaliation

11   based on disability against and upon employees of Defendants.  Managers, officers, and/or

12   agents of Defendants were aware of Defendants' policies and procedures requiring Defendants'

13   managers, officers, and agents to prevent, and investigate, disability discrimination, and

14   retaliation based on disability against and upon employees of Defendants.  However, Defendants

15   chose to consciously and willfully ignore said policies and procedures and therefore, Defendants'

16   outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for

17   the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each

18   Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

19   wrongful conduct alleged above.

20       84.  Plaintiff is informed and believes, and based thereon alleges that Defendants and their

21   managers, officers, and managing agents had a pattern and practice of wrongfully terminating

22   employees who were disabled so that Defendants did not have to accommodate them.

23   Furthermore, Defendant had a pattern and practice of wrongfully terminating employees who

24   reasonably refused to disclose their protected health information in violation of State and Federal

25   laws. Plaintiff should, therefore, be awarded exemplary and punitive damages against each

26   Defendant in an amount to be established that is appropriate to punish each Defendant and deter

27   others from engaging in such conduct.

28

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

18

COMPLAINT

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

**SEVENTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF LABOR CODE SECTION 1102.5**

**(Against Defendants Heartland and All DOE Defendants)**

85.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

86.    At all times mentioned herein California Labor Code § 1102.5, *et seq.* was in full force and effect and was binding on Defendant.

87.    California Labor Code § 1102.5(c) provides: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

88.    Defendants HEARTLAND rescinded their employment offer to Plaintiff and terminated his employment in direct response to Plaintiff's refusal to submit to a drug test and to disclose his protected health information.  Defendants' demand that Plaintiff submit to a drug test and disclose his protected health information would have resulted in a violation of State and Federal laws, to wit, California Constitution Art. 1, § 1 and 45 Code of Federal Regulations section 160.300, *et seq.* of the HIPAA legislation.  Plaintiff's refusal as described above was a refusal to participate in illegal and/or unlawful conduct within the meaning of Section 1102.5(c).  Thus, by rescinding their employment offer and terminating Plaintiff's position, Defendants unlawfully retaliated against Plaintiff in violation of Labor Code § 1102.5.

89.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in their field and damage to their professional reputation, all in an amount subject to proof at the time of trial. Plaintiffs claim such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

90.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as

19

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

1   the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereon allege,

2   that he will continue to experience said physical and emotional suffering for a period in the

3   future not presently ascertainable, all in an amount subject to proof at the time of trial.

4   91.      Defendant had in place policies and procedures that specifically prohibited and required

5   Defendant's managers, officers, and agents to prevent retaliation against and upon employees of

6   Defendant for refusal to participate in illegal and/or unlawful conduct.  Defendants' managers,

7   officers, and/or agents were aware of Defendants' policies and procedures requiring Defendants'

8   managers, officers, and agents to prevent retaliation against and upon employees of Defendants

9   who refused to participate in illegal and/or unlawful conduct.  However, Defendants chose to

10  consciously and willfully ignore said policies and procedures and therefore, their outrageous

11  conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

12  of the Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant

13  aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful

14  conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages

15  against each Defendant in an amount to be established that is appropriate to punish each

16  Defendant and deter others from engaging in such conduct.

17  92.      Plaintiff is informed and believes and based thereon alleges that Defendants had a pattern

18  and practice of retaliating against employees such as Plaintiff when they refused to participate in

19  illegal and/or unlawful conduct. Defendants engaged in this conduct instead of informing

20  whistleblowing employees of their protections under the law and implementing a plan to protect

21  them from retaliation. Plaintiff should, therefore, be awarded exemplary and punitive damages

22  against each Defendant in an amount to be established that is appropriate to punish Defendants

23  and deter others from engaging in such conduct.

24  93.      Plaintiff seeks to enforce important rights affecting the public interest within the meaning

25  of California Code of Civil Procedure § 1021.5, and thereby seeks recovery of attorney's fees

26  pursuant to California Code of Civil Procedure § 1021.5.

27

28

## **PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.     For general damages, according to proof;

2.     For special damages, according to proof;

3.     For loss of earnings, according to proof;

4.     For declaratory and injunctive relief, according to proof;

5.     For attorneys' fees, according to proof;

6.     For prejudgment interest, according to proof;

7.     For punitive and exemplary damages;

8.     For costs of suit incurred herein; and

9.     For such other relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all causes of action.

DATED:    September 6, 2017        JML LAW, A Professional Law Corporation

By:      _____

JOSEPH M. LOVRETOVICH

ERIC J. PALMER

CHRISTINA R. MANALO

Attorneys for Plaintiff

DAVID HOEY

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

SEP 0 8 2017

Sherri R. Carter, Executive Officer/Clerk

By: Marlon Gomez, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HEARTLAND PAYMENT SYSTEMS, LLC., a Delaware limited
liability corporation; [Additional Parties Attachment Form is Attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID HOEY, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es)*: Stanley Mosk Courthouse <br><br> Los Angeles Superior Court - Central District <br> 111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER: <br> *(Número del Caso)*: <br> **BC 675406** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:

Eric Palmer, Christina Manalo - 21052 Oxnard St., Woodland Hills, CA 91367, (818) 610-8800

DATE: SEP 0 8 2017                     SHERRI R. CARTER
*(Fecha)*                               Clerk, by _____, Deputy
                                        *(Secretario)*   Marlon Gomez   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| HOEY v. HEARTLAND PAYMENT SYSTEMS, LLC et al. | |

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

HEARTLAND PAYMENT SYSTEMS, INC., a Delaware corporation; HEARTLAND PAYMENT SOLUTIONS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Page __1__ of __1__

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**